IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LESTER PAUL NICHOLS** | § | |
| Travis Co. #1523410 | § | |
| | § | |
| V. | § | A-15-CA-676-LY |
| | § | |
| **SHERIFF GREG HAMILTON,** | § | |
| **MAJOR WES PRIDDY,** | § | |
| **GRIEVANCE SERGEANT JOHNSON,** | § | |
| **MRS. DEE, and CHIEF** | § | |
| **DEPUTY JAMES SYLVESTER** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. Plaintiff complains inmates at the Travis County Correctional Complex do not have access to the law library. He contends this denies him access to court. He further alleges he has been unjustly denied "privileges" by officers, sergeants, lieutenants, captains and majors. He also alleges he has been denied medical treatment by unnamed officers and the

inmate handbook was rewritten to interfere with security operations that impair and influence staff judgments and behaviors.  Plaintiff further asserts written posted rules on safety life endangerment have been violated.  Plaintiff sues Sheriff Greg Hamilton, Major Wes Priddy, Grievance Sergeant Johnson, Mrs. Dee, and Chief Deputy James Sylvester.  Plaintiff requests "all jail system behaviors be changed and safty ruels [sic] be changed-grievance/safety."

After the Court reviewed Plaintiff's complaint, it ordered Plaintiff to file a more definite statement.  Plaintiff was ordered to state what acts each of the named defendants did to cause him damage.  With regard to Sheriff Hamilton, Plaintiff essentially alleges, as the sheriff, Defendant Hamilton had knowledge about all of the alleged constitutional violations.  Similarly, Plaintiff alleges Major Priddy knew or should have known of all the problems he has had and Major Priddy failed to stop it or investigate.  With regard to Sergeant Johnson, Plaintiff explains she responded to all of his grievances.  He claims Sergeant Johnson covered up all of the officers' bad actions, harassed him, retaliated and discriminated against him, and placed his life in danger.  With respect to Mrs. Dee, Plaintiff alleges she failed to respond to his June 25, 2015 request for a psychiatric evaluation.  Finally, with regard to Chief Deputy James Sylvester, Plaintiff alleges he has first hand knowledge of all that is going on or should know.

DISCUSSION AND ANALYSIS

A.      <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and

before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B.    Grievances

Plaintiff complains about the resolution of his grievances by Sergeant Johnson. However, Plaintiff does not have a constitutional right to have his grievances resolved to his liking. Geiger v. Jowers, 404 F.3d 371, 373–74 (5th Cir. 2005). Accordingly, Plaintiff has failed to state a viable constitutional violation against Sergeant Johnson for the handling of his grievances.

    C.    Retaliation

Plaintiff generally alleges he has experienced retaliation. In order to state a valid claim for retaliation under § 1983, a prisoner must allege the following: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for the exercise of that right; (3) a retaliatory adverse act; and (4) causation. Jones v. Greninger, 188 F.3d 322, 324-325 (5th Cir. 1999). The plaintiff must establish that "but for the retaliatory motive the complained of incident ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Mere conclusory statements that retaliation occurred are not sufficient; "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Id. (quoting Jackson, 864 F.2d at 1143 n.6).

Plaintiff's allegations of retaliation are conclusory. He fails to allege any of the elements for a retaliation claim.

D.  Access to Courts

Similarly, Plaintiff generally asserts he was denied access to courts due to the legal research he was provided while confined in the Travis County Correctional Complex. The United States Supreme Court has decided "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access to court applies to pretrial detainees confined in jail. Walker v. Navarro Cnty. Jail, 4 F.3d 410, 413 (5th Cir. 1993). Importantly, a county satisfies the duty with respect to indigent pretrial detainees by appointing attorneys to represent them. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996). A county must provide an adequate law library only if it fails to provide adequate assistance from someone trained in the law. Green v. Ferrell, 801 F.2d 765, 772 (5th Cir.1986); Morrow v. Harwell, 768 F.2d 619, 623 (5th Cir. 1985). Moreover, to succeed in a denial of access to court claim, an inmate must show an actual injury. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). He must show the denial frustrated or impeded his pursuit of a non-frivolous claim with arguable legal merit. Id. at 352–53.

In the present case, Plaintiff does not allege any of the named defendants were personally involved in the legal research he was provided. Also, Plaintiff has not shown the denial of access to a law library or unlimited legal research frustrated or impeded his pursuit of a non-frivolous claim with arguable legal merit. In addition, Plaintiff does not allege any of the named defendants interfered with his ability to file or prosecute a lawsuit or appeal while he was incarcerated in the

Travis County Correctional Complex. Travis County satisfied its obligation of providing Plaintiff with access to court in his criminal case by appointing counsel to represent him. Accordingly, Plaintiff fails to allege a valid claim of denial of access to courts.

### E. Medical Claims

Plaintiff may also be alleging he was denied medical treatment while confined in the Travis County Correctional Complex. In the Court's order requiring a more definite statement, Plaintiff was ordered to:

> Describe the medical treatment you have been denied, identify the medical condition you have that requires medical attention, explain the steps you have taken to request medical treatment, and list the medical treatment you have received while incarcerated in the Travis County Correctional Complex.

Plaintiff responded:

> My medication have been taken by officer. Denied my PM snack a Johnny. Denied Professional Mental Illness Help. Counseling.

Plaintiff's allegations do not state a constitutional claim for inadequate medical care against any of the named defendants. To succeed in this § 1983 action, Plaintiff must establish the defendants were deliberately indifferent to his serious medical condition, "an extremely high standard to meet." Domino v. Tex. Dept of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Plaintiff has alleged no personal involvement of any of the named defendants with regard to his medical care with the exception of the defendant identified as "Mrs. Dee." Plaintiff's only claim against Mrs. Dee is that he sent her a request, asking for help in receiving an evaluation for psychiatric problems, and she never responded. Plaintiff does not identify any injury, harm, damage or other adverse consequence which he suffered as a result of the acts or omissions of this defendant. Plaintiff's allegations are simply insufficient to state a constitutional violation against Mrs. Dee.

F.   Supervisory Liability

Plaintiff attempts to hold Sheriff Hamilton, Major Priddy, Sergeant Johnson, and Chief Deputy Sylvester liable for actions of Travis County employees. Plaintiff makes clear his claims are directed at these defendants in their supervisory capacities. However, supervisory officials cannot be held vicariously liable under § 1983 solely on the basis of their employer-employee relationship. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 693 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he or she may only be held liable if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Thompkins v. Belt, 828 F.2d 298, 303–04 (5th Cir. 1987). Plaintiff's allegations are insufficient to allege a valid constitutional claim against Sheriff Hamilton, Major Priddy, Sergeant Johnson, or Chief Deputy Sylvester.

G.   County Liability

Plaintiff's claims against the defendants in their official capacities also fail. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v.

City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." Pembaur v. Cincinnati, 475 U.S. 469, 481 (1986).

In this case, Plaintiff fails to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of October, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE